■ HARRY RUBIN & SON, INC., Respondent, v WILLIAM CLAUS, Appellant.—Casey, J. P. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered November 3, 1983 in Schoharie County, upon a decision of the court at Trial Term (Pennock, J.), with an advisory jury.

In April 1980, defendant requested that a representative of plaintiff come to his premises in regard to an unusual noise that his tractor was making. After listening to the engine, the representative stated that it was probably a connecting rod, and that if that was the problem, the cost of repairs would be approximately $300. After using the tractor until July 1980, defendant requested that plaintiff pick it up and repair it. When the engine was taken apart at plaintiff's garage, defendant was shown that the problem was more serious than anticipated and that repairs would cost him more money. Defendant replied, "Well, we've got to do something about it" and left, with the understanding that the repairs would be made. After completion of the repairs, the tractor was returned to defendant and its use by him continued right up to the time of trial.

The complaint contained two causes of action: one based on breach of contract and one for recovery on a quantum meruit basis. Due to lack of an appropriate demand, the jury that was impaneled was advisory only. The trial court charged the jury that it could find for plaintiff in the sum of $300 or in the sum of $1,551.80, the amount of the bill plaintiff submitted for the repairs. No exception or objection was taken to this charge of the court by either party.

The jury rendered a verdict in favor of plaintiff in the amount of $1,551.80. On this appeal, defendant complains that the trial court erred in limiting the damages to either $300 or $1,551.80 since the cause of action in quantum meruit would permit the jury to find an amount between those two figures.

We reject defendant's contention due to his failure to except

to the charge. Furthermore, no proof of the reasonable value of the repairs was offered, except the $300, which defendant contended was the contract price, or the $1,551.80, which plaintiff claimed was the reasonable value of the repairs. In view of the evidence, the lack of exception and the fact that the verdict of the jury was only advisory, we find no error in the judgment entered for plaintiff.

Judgment affirmed, with costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.